CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2008

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM THOMAS REDD, JR., | ) | |
| Petitioner, | ) | Civil Action No. 7:08-cv-00024 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TOMMY WITT, SHERIFF, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner William Thomas Redd, Virginia inmate number 381292, proceeding pro se, brings this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed an answer and motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases, to which Redd filed a timely response, making the matter ripe for disposition. Upon careful review of the state court records and the pleadings and exhibits submitted by the parties, the court concludes that respondent's motion to dismiss must be granted.

I.

On September 15, 2006, Redd pleaded guilty to three charges of distribution of cocaine, in violation of Virginia Code § 18.2-248, in the Circuit Court of the City of Radford. The Court sentenced Redd to thirty years incarceration as to each charge, to run concurrent, with twenty-three years suspended as to each charge, resulting in an active sentence of seven years. Redd did not appeal his convictions.

Redd filed a habeas corpus petition in the Circuit Court of the City of Radford on April 13, 2007, attacking the validity of his convictions. In that petition, Redd appears to allege that his constitutional rights were violated because:

A. He is innocent of the drug charges and proof, in the form of a confidential informant's

testimony, that he "never sold the drugs" is "on [a] tape";

B. The Circuit Court failed to review the "tape" and a "motion for discovery" and failed to suppress unspecified evidence; and

C. His convictions were based on his "first drug charge" and there was insufficient evidence to convict him.

(Pet'r Radford Writ Habeas 4-5.) On June 1, 2007, the Circuit Court of the City of Radford dismissed Redd's state habeas petition, finding that his claims were "substantive claims which could and should have been raised on direct appeal, and therefore will not be addressed as independent claims in habeas corpus review. Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974)."

Redd did not pursue an appeal of the dismissal of that habeas petition to the Supreme Court of Virginia; however, he filed another petition for writ of habeas corpus in the Supreme Court of Virginia on August 27, 2007 alleging:

A. That he is innocent of the drug charges and has proof, in the form of a confidential informant's testimony, that he "never sold the drugs"and that "Mr. Cook sold her the drugs";

B. Counsel "never raised any of this in court" because he was "incompetent";

C. The Circuit Court failed to review the confidential informant's testimony on the "tape"; and

D. Counsel "told [him,] being a black man[, he] did not want to go to trial in Radford [because he] would get 40 years."

(Pet'r Supreme Court Virginia Writ Habeas 4-5.) On November 14, 2007, the Supreme Court of Virginia dismissed Redd's petition, stating that "no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition.

Code § 8.01-654(B)(2)." Redd's petition for rehearing was denied by order entered January 22, 2008.

On January 15, 2008, Redd filed the present § 2254 petition for writ of habeas corpus alleging:

A. That he is actually innocent of the drug charges because the informant on the "tape transcripts" clearly implicated Redd's co-defendant, "Mr. Cook," rather than Redd;

B. Counsel was "incompetent" because counsel provided the "motion of discovery" six months "after [he] got to court," counsel should have raised his claims on direct appeal, and counsel "pushed" him to plead guilty because counsel advised him that "being a black man[, he] did not want to take a jury trial before an all white jury"; and

C. His convictions were based on his "first drug charge" and there was insufficient evidence to convict him.

(Pet'r Federal Writ Habeas 6, 9.)

## II.

Pursuant to Title 28 U.S.C. § 2254(b), a petitioner must exhaust the remedies available in state court before seeking habeas corpus relief in federal court. A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state courts "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillary, 474 U.S. 254, 257 (1986). Accordingly, those claims must be raised at every appellate level or must be specifically addressed by the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (noting that merely presenting the claims to the state's highest court for discretionary review does not satisfy the exhaustion requirement); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va.

3

1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (noting that exhaustion generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court). Although Redd did file a state habeas proceeding in the Circuit Court of the City of Radford and again in the Supreme Court of Virginia, he did not raise, in either of those courts, several portions of Claim B found in his federal habeas petition, specifically, that counsel provided the "motion of discovery" six months "after [he] got to court" and that counsel should have raised his claims on direct appeal. Therefore, the claims were not properly presented to the state's highest court and are, thus, barred from federal habeas review.

Moreover, those claims are procedurally defaulted because Redd would now be barred from raising them in any state court, pursuant to Va. Code § 8.01-654(B)(2), which prohibits the granting of any habeas petition based on claims that could have been presented by the petitioner at the time of his previous petition. Consequently, the two aforementioned claims are now simultaneously exhausted and defaulted for the purpose of federal habeas review. See Teague v. Lane, 489 U.S. 288, 297-99 (1989); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). However, a petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from the failure to review that claim or that he has suffered a fundamental miscarriage of justice.[1] Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Fisher v. Angelone, 163 F.3d 835, 844-45

---

[1] The court notes that a petitioner may demonstrate cause by showing "that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "A procedural default also may be excused if the petitioner demonstrates that failure to consider the claim[ ] will result in a fundamental miscarriage of justice, i.e., that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Reid v. True, 349 F.3d 788, 806 (4th Cir. 2003) (internal quotations and citations omitted). In order to make this showing, a federal habeas petitioner must present "new reliable evidence . . . that was not presented at trial," and the petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327-328.

4

(4th Cir. 1998). Redd's pleadings do not include any contentions that there is cause for his failure to raise these claims in his other state <u>habeas</u> petitions nor, as will be expounded upon in the next section, does he present any new evidence that adequately demonstrates his innocence. Accordingly, the court finds that these claims are barred and, therefore, must be dismissed.

### III.

In Claims A and C of his federal <u>habeas</u> petition, Redd alleges that he is actually innocent of the drug charges because the informant on the "tape transcripts" clearly implicated Redd's co-defendant, "Mr. Cook," rather than Redd, and that his convictions were based on his "first drug charge" and there was insufficient evidence to convict him. These claims were raised in Redd's <u>habeas</u> petition to Circuit Court of the City of Radford; however, that court found those claims procedurally defaulted under <u>Slayton v. Parrigan</u>, 205 S.E.2d 680 (Va. 1974). The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in <u>Slayton</u> constitutes an "adequate and independent state law ground for default." <u>Vinson v. True</u>, 436 F.3d 412, 417 (4th Cir. 2006); <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 366 (4th Cir. 1998).

Because this state procedural rule supplies an adequate and independent ground for denial of a claim for habeas corpus relief, a federal <u>habeas</u> court may not review defaulted claims absent cause and prejudice or a miscarriage of justice to excuse the procedural default. <u>Fisher</u>, 163 F.3d at 853-854. Redd fails to allege sufficient cause for his failure to raise these claims on direct appeal,[2]

---

[2] Redd does allege that counsel was ineffective in failing to appeal Redd's convictions; however, ineffective assistance of counsel claims not presented to the state courts will be rejected. See <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452 (2000); <u>Orbe v. True</u>, 233 F. Supp. 2d 749, 759-60 (E.D. Va. 2002); <u>Wolfe v. Johnson</u>, Civil Action No. 2:05CV432, 2008 WL 371117, at *5 (E.D. Va. Feb. 08, 2008) (rejecting petitioner's claim that an ineffective assistance of counsel claim, not presented to any state court, demonstrated cause for a procedural default). As previously noted, Redd's claim that counsel should have raised his claims on direct appeal was not presented to any state court. Accordingly, because Redd's ineffective assistance of counsel claim is itself procedurally defaulted, it cannot serve as justification to excuse the procedural default under <u>Slayton</u>.

5

and his claim that he is actually innocent is not based on new reliable evidence as required pursuant to Reid. Rather, Redd simply provides the court with a tape transcript dated May 8, 2002, concerning one of the undercover operations that was used to support his plea of guilty. Moreover, the transcript provided clearly illustrates, despite Redd's contentions to the contrary, that Redd was participating in the drug transaction.[3] Thus, Redd cannot demonstrate that it is more likely than not that no reasonable juror would have convicted him in the light of this evidence. Accordingly, the court finds that these claims are barred and, therefore, must be dismissed.

The court further notes that "failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). Because Redd failed to appeal the Circuit Court of the City of Radford's dismissal of his habeas petition, he is procedurally barred and this court is precluded from reviewing these claims. As previously mentioned, a federal court is required to dismiss a procedurally defaulted claim absent a showing of cause for the default and prejudice from the failure to review that claim or a fundamental miscarriage of justice. Coleman, 501 U.S. at 749; Fisher, 163 F.3d at 844-45. Redd has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Supreme Court of Virginia, nor has he sufficiently demonstrated that he has suffered a fundamental miscarriage of justice. Accordingly, the court finds that Claims A and C are barred for this reason as well and, therefore, must be dismissed.

---

[3] Redd contends that he never physically touched the drugs; however, the transcript indicates that the drug transaction took place at Redd's residence, Redd was present during the transaction, Redd affirmed that the drugs were a "fifty," Redd admitted that he "sell[s] them all day," and Redd coordinated others to physically sell the drugs for him. (Additional Evidence (docket number 2) at 2-7.)

6

## IV.

In Claim B of his federal habeas petition, Redd alleges that counsel was "incompetent" because counsel advised him that "being a black man[, he] did not want to take a jury trial before an all white jury."[4] Redd raised this claim in his petition to the Supreme Court of Virginia; however, that court dismissed the petition pursuant to Virginia Code § 8.01-654(B)(2), finding that "no writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Because the Supreme Court of Virginia clearly and expressly based the dismissal of Redd's claim on a state procedural rule, and that procedural rule provides independent and adequate grounds for the dismissal, Redd has procedurally defaulted his federal habeas claim. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (recognizing § 8.01-654(B)(2) as an adequate and independent state law ground). Because Redd has not shown cause to excuse his procedural default and, as this court has previously noted, fails to adequately allege that he has suffered a fundamental miscarriage of justice, this claim is also barred and must be dismissed.

## V.

Accordingly, the court finds that Redd is not entitled to § 2254 relief. Respondent's motion to dismiss will be granted and an appropriate Order issued this day. The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER:** This 22d day of July, 2008.

_____
United States District Judge

---

[4] The court notes that Redd also raised his actual innocence claim in this petition; however, the court does not include an analysis of this claim in this section as it has already been addressed.